IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN THE MATTER OF: | CASE NO: 07-07187 SEK |
|---|---|
| **María E. Matías Matías,** | CHAPTER: 13 |
| **Debtor(s).** | |
| Citifinancial Inc., Movant, | |
| María E. Matías Matías, Debtor-Respondent, | |
| Alejandro Oliveras Rivera, Trustee | |

## MOTION FOR RELIEF OF STAY UNDER 11 U.S.C. 362

TO THE HONORABLE COURT:

COMES now movant, **Citifinancial Inc.,** hereinafter referred to as "CFI", by the undersigned attorney, and very respectfully alleges and prays:

1. María E. Matías Matías hereinafter will be referred to as **"the debtor"**.

2. CFI, a secured creditor in the above captioned case, has not been offered nor provided adequate protection as required by section 362 of the Bankruptcy Code. Consequently, it moves to request that the automatic stay be lifted in order to continue with the mortgage foreclosure proceedings.

1. The pertinent part of section 362 states that:

    > (d) On request of a party in interest and after notice and hearing, the court shall grant relief from stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
    >    (1) For cause, including the lack of adequate protection of an interest in property of such party in interest
    >    (2) With respect to a stay of an act against property under subsection(a) of this section, if---
    >        A) The debtor does not have an equity in such property ; and
    >        B) Such property is not necessary to an effective reorganization;

2. CFI, is the holder in due course of a mortgage note in the principal sum of $35,359.99 bearing interest at 5.00% per annum ("the note"). The indebtedness evidenced by the note is secured by a mortgage executed before the notary public Lourdes M. Collazo Algarín on October 19, 2004, deed number 317 ("the mortgage"). Attached hereto as **Exhibit 1** is a copy of the note and as **Exhibit 2** a copy of the mortgage deed that evidences CFI's secured status.

3. The debtor's payment plan requires that the debtor make monthly regular post petition payments directly to CFI.

4. The debtor has not made the monthly installments due to movant having incurred in a total of *3* post-petition installments in arrears to CFI amounting to *$1,781.66.* Since then the payment for October has accrued for a total amount of arrearage of *$2,108.88.* See **Exhibit 3** attached hereto and made part hereof for an itemized statement of the arrearage.

5. The debtor's failure to make payments due under the mortgage note, results in the debtor's material default with the terms of the plan.

6. CFI has not been offered and does not have adequate protection for the above mentioned security interest. Moreover, the debtor has failed to make post petition payments as called for under the terms of the plan. Consequently "cause" exists to lift the automatic stay.

7. In view of the foregoing CFI respectfully requests for an order lifting the automatic stay pursuant to sections 362(d)(1) of the Bankruptcy Code.

8. Attached hereto as **Exhibit 4** is the non military service affidavit required for the entry of an order by default by the Servicemembers' Civil Relief Act, 50 USC Appx. §521.

**WHEREFORE,** CFI respectfully prays that an order be entered authorizing the relief from the automatic stay pursuant to section 362 (d)(1) of the Bankruptcy Code, granting costs, expenses and attorney's fees to CFI and authorizing CFI to proceed with the foreclosure of the mortgage against the property of the debtor, with such further relief as is just and proper.

**RESPECTFULLY SUBMITTED**

I HEREBY CERTIFY that this 14th day of October, 2010 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: *the Trustee Alejandro Oliveras Rivera* and *to the debtor's attorney, Otto E. Landrón Pérez*.

**MARTINEZ & TORRES LAW OFFICES**
**P.O. Box 192938**
**San Juan, PR 00919-2938**
**Tel. (787) 767-8244: Fax (787) 767-1183**

**s/ Vanessa M Torres Quiñones**

**Vanessa M Torres Quiñones**
**USDC -PR 217401**
**vtorres@martineztorreslaw.com**

CITIFINANCIAL, INC.
ITEMIZED STATEMENT ARREARAGE

EXHIBIT_____

CASE NUMBER: 07-07187-SEK13
DEBTOR(S): MARIA E MATIAS MATIAS
LOAN NUMBER: 0471

| | |
|---|---|
| Post Petition Payments due | $981.66 |
|    Number of Payments | 7/25/10 - 9/25/10 |
|    Monthly Payment Amount | $327.22 |
| Bankruptcy Legal Fees and Costs | $800.00 |
| **TOTAL AMOUNT OF ARREARAGE** | **$1,781.66** |
| Principal Balance | $34,309.64 |
| Per Diem | $8.89 |

The subscribing authorized representative of CITIFINANCIAL, Inc. (hereinafter "CFI") declares under penalty of perjury that according to the information gathered from CFI's records relating to the above referenced secured loan the foregoing information is true and correct. The subscribing representative of CFI further declares under penalty of perjury that CFI is the holder in due course of the mortgage note secured with the mortgage deed made reference to in the motion for relief from stay and that the original note is in its possession.

Date: 9/28/10      Signature: _____

_Javier Gonzalez_
Authorized Representative

09-03973(PR)(TCFM).stm

6 1142

# PAGARE

CO-0182-0242792

VALOR: $35,359.99    VENCIMIENTO: 25 de octubre de 2029

POR VALOR RECIBIDO, a su vencimiento, pagaremos solidariamente a ASSOCIATES INTERNATIONAL HOLDINGS CORPORATION, o a su orden, por la suma principal de Treinta y Cinco Mil Trescientos Cincuenta y Nueve Dólares Con Noventa y Nueve Centavos con intereses a razón del doce punto cuarenta y uno por ciento (12.41%) anual, conjuntamente con los plazos del principal.

El préstamo será pagadero en plazos mensuales y consecutivos de trescientos ochenta y tres dólares con dieciocho ($383.18) y estará sujeto a las penalidades por prepago que más adelante se indican. Dicho plazos comenzarán a pagarse el veinticinco de noviembre de 2004, y así sucesivamente durante el mismo día de cada mes hasta que se pague totalmente la deuda evidenciada por el presente documento; excepto que la deuda restante, si no antes pagada, quedará vencida y pagadera el veinticinco de octubre de dos mil veintinueve

Se cobrará un cargo por pago atrasado equivalente a un Cinco Por Ciento (5%) del pago vencido que no sea recibido por a ASSOCIATES INTERNATIONAL HOLDINGS CORPORATION dentro de los próximos quince (15) días después de la fecha de su vencimiento.

Si cualquier plazo mensual de este pagaré no es pagado a su vencimiento la suma total de principal pendiente de pago e intereses acumulados quedarán inmediatamente vencidos y pagaderos a opción del tenedor de este Pagaré.

El (los) Deudor (es) podrá (n) pagar por anticipado la totalidad o parte del balance insoluto del principal. El (los) Deudor (es) acuerda (n) pagar una penalidad por saldar el principal de este Pagaré antes de su vencimiento equivalente al tres por ciento (3%) del principal original de este Pagaré cuando dicho prepago se efectúe dentro del primer año de suscrito este Pagaré; dos por ciento (2%) cuando el prepago se efectúe después del primer año pero dentro del segundo o tercer año de suscrito este Pagaré. El tenedor de este Pagaré podrá requerir que cualesquiera pagos parciales sean hechos en la fecha en que venzan los plazos mensuales y sean en la cuantía de aquella parte de uno o más plazos mensuales que serían aplicable a principal. Cualquier pago parcial por anticipado será aplicado contra el principal insoluto y no pospondrá la fecha de vencimiento de cualquier plazo mensual subsiguiente ni cambiará el monto de dichos plazos, a menos que el tenedor de este Pagaré acuerde lo contrario por escrito.

De radicarse procedimiento judicial para el cobro de este Pagaré su tenedor tendrá derecho a cobrar en dicho procedimiento la suma líquida del 20% de la suma original de principal del presente Pagaré para cubrir las costas y gastos de dicho procedimiento incluyendo los honorarios de abogado. Este suma exigible en procedimientos seguidos bajo la ley de Quiebra.

Por la presente se renuncia a los derechos de presentación para pago, protesto, aviso de no pago y se consiente para que el pago pueda ser extendido sin aviso de prórroga a opción del acreedor, y en caso de ser necesaria la reclamación judicial nos sometemos expresamente a la competencia de los Tribunales Estatales de la Ciudad de San Juan, Puerto Rico, con jurisdicción en el asunto.

La deuda evidenciada por este Pagaré, así como cada uno de los créditos adicionales de veinte por ciento de la cuantía original de principal del Pagaré a que se refiere el Párrafo TERCERO de la Hipoteca y aquellas sumas adicionales desembolsadas por el Prestador a tenor con el Párrafo CUARTO, subpárrafo e, de la hipoteca, están garantizadas por una hipoteca de fecha igual a la presente, sobre propiedad según indicada en la Escritura número - 317 - ante la Notario suscribiente.

**ESTA CLAUSULA ENMIENDA EL PAGARE DE PRESTAMO OTORGADO EN LA FECHA SEÑALADA AL FINAL DE ESTE DOCUMENTO.**

### Cláusula de reducción del interés acordado

### PAGOS A TIEMPO Y REDUCCION A LA TASA INICIAL

Si en cualquier momento durante el término de este préstamo, usted efectúa doce (12) pagos mensuales completos consecutivamente, sin que su cuenta llegue a estar 30 días o más contractualmente morosa (lo que significa que no se atrasará desde el momento que haga el primero de los doce (12) pagos mensuales y que efectuará cada uno de los doce (12) pagos mensuales en cualquier momento entre su fecha de vencimiento y el día anterior al día siguiente del pago programado ("Pagos a Tiempo") nosotros reduciremos Su Tasa de Interés Acordado un cuarto de un punto porcentual (0.25%). Esta reducción de interés inicial de puede obtener solamente una ve durante el término de este préstamo.

### REDUCCION ADICIONAL A LA TASA DE INTERES

Si después de recibir una reducción de un cuarto de un punto porcentual (0.25%) en su Tasa de Interés Acordada como se describe en el párrafo Uno, usted hace doce (12) Pagos a Tiempo consecutivos



inmediatamente después de la primera reducción de interés, nosotros reduciremos su Tasa de Interés Acordada por una mitad de un punto porcentual (0.50%) adicional.

Si después de recibir una reducción de una mitad de un punto porcentual (0.50%) en su Tasa de Interés Acordada como se describe en el Párrafo dos, usted hace otros doce (12) Pagos a Tiempo consecutivos inmediatamente después de la segunda reducción de interés nosotros reduciremos su Tasa de Interés Acordada por tres cuartas partes de un punto porcentual adicional (0.75%). Esta reducción se puede obtener solamente una vez durante el término del préstamo.

Si después de recibir una reducción de tres cuartas partes de un punto porcentual (0.75%) sobre la Tasa de Interés Acordada como se describe en el Párrafo Tres, usted hace otros doce (12) Pagos a Tiempo consecutivos inmediatamente después de la segunda reducción de interés, nosotros reduciremos su Tasa de Interés Acordada por tres cuartas partes de un punto porcentual (0.75%) adicional. Esta reducción se puede obtener una vez durante el término del préstamo.

### LIMITACIONES E INTERES MINIMO

Su tasa de Interés Acordada nunca será reducida mas de dos y un cuarto por ciento (2.25%) durante el término del préstamo, y por consiguiente, la segunda tercera y cuarta reducción, no disminuirá por debajo de la tasa mínima para este programa de reducción que es un punto porcentual (1.00%) sobre la Tasa de Interés Preferencial más alta publicada en la Sección "Money Rates del Wall Street Journal" del día que entra en vigor la propuesta reducción de su interés. Sin embargo, el requisito de tasa mínima antes descrito no aplicará a la primera reducción de interés según descrita en el párrafo uno.

### FECHA EN QUE ENTRA EN EFECTO LA TASA Y EL CAMBIO DEL PAGO

Si usted tiene derecho a una reducción en su Tasa de Interés Acordada de acuerdo a esta Cláusula de enmienda, la reducción entrará en vigor un día después de la fecha de vencimiento del pago que lo hace acreedor a la reducción de la Tasa de Interés. La modificación de la cantidad del pago mensual se basará en el balance programado del préstamo. Sin embargo si usted paga la totalidad del balance de su cuenta por adelantado durante el mes en que ocurra la reducción de la tasa de interés usted no tendrá derecho a la reducción sobre la tasa de interés.

Si usted liquida un préstamo ya existente bajo nuestro plan de reducción de interés, con el dinero producto de este préstamo, entonces el número de Pagos a Tiempo para efectos de una reducción del interés en su préstamo será considerable para propósito de determinar el período de la primera reducción potencial en la tasa de interés sobre este préstamo. No obstante lo anterior la cantidad de la primera reducción potencial en la tasa de interés en este préstamo será la que se establece en el párrafo anterior.

En Bayamón, Puerto Rico, a 19 de octubre de 2004.

*María E. Matías Matías*
MARIA ESTHER MATIAS MATIAS

Affidávit Número: __3810__

Reconociendo y suscrito ante mí por los arriba suscribientes, quienes son mayores de edad, propietarios, vecinos de Toa Baja Puerto Rico, identificados mediante los siguientes documentos de identidad; Licencia de Conducir respectivamente, en el lugar y fecha antes indicado.

NOTARIO PÚBLICO

## Associates International Holdings Corporation

### CERTIFICATE OF CORPORATE RESOLUTION

I, Martin Pirillo Favot, do hereby certify that I am the Assistant Secretary of Associates International Holdings Corporation doing business as CitiFinancial, a corporation organized under the laws of the State of New York and qualified to conduct business in the Commonwealth of Puerto Rico, (the "Corporation") and in such capacity, I do hereby further certify that the Board of Directors of said Corporation, by written consent

RESOLVED, that the persons listed below, acting singularly as employees of this Corporation, are hereby authorized and empowered, as the need shall arise from time, to execute, attest, seal and deliver for and on behalf of this Corporation, mortgages, assignments of mortgages, releases and cancellations of mortgages, subordination of mortgages, releases of assignments, and such other documents of a similar nature, the purpose of which is to accept, release, convey, transfer or assign and interest in real property securing and indebtedness to this Corporation or which has been conveyed, transferred, assigned or adjudicated to the Corporation in whole or partial payment of such indebtedness.

FURTHER RESOLVED, that the persons listed below, acting singularly as employees of this Corporation, are further authorized and empowered to execute any other instruments or documents necessary to perfect the recordation in the Registry of Property of Puerto Rico of the instruments and deeds above mentioned.

The following are the persons authorized to execute the above mentioned instruments or documents on behalf of the Corporation:

| Name | ID | City |
|---|---|---|
| José A. Díaz | 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 | San Juan |
| Luis Lacourt | 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 | Bayamón |
| José Fernando Rodríguez | 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 | Guaynabo |
| Ruben Rodríguez | 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 | Barranquitas |
| Melba Smalle Cintrón | 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 | San Juan |
| Israel Sánchez | 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 | Manati |
| Ellis Febres | 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 | Bayamón |
| Gilberto Alfaro | 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 | Guaynabo |

I, FURTHER CERTIFY, that the aforesaid resolution remains in full force and effect and has not been altered, amended or repealed.

IN WITNESS WHEREOF, I have hereunto set my hand and stamped the seal of this Corporation this 5th day of January 2006.

Martin Pirillo Favot
Secretary

AFFIDAVIT NO. 299

Sworn and subscribe to before me by Martin Pirillo-Favot, of legal age, married, in his capacity as Secretary of the Corporation, and resident of San Juan, Puerto Rico, personally known to me in San Juan, Puerto Rico this 5th day of January 2006.

NOTARY PUBLIC

---ESCRITURA NUMERO: TRESCIENTOS DIECISIETE----

----------HIPOTECA EN GARANTÍA DE PAGARE----------

---En la ciudad de Bayamón, Puerto Rico, a los diecinueve días del mes de octubre de dos mil cuatro (2004)----------

----------ANTE MI----------

-- LOURDES M. COLLAZO ALGARIN, Abogada y Notario Público de Puerto Rico, con residencia en Caguas y oficinas en la Ciudad de Caguas, Puerto Rico.----------

----------COMPARECE(N)----------

---DE UNA SOLA PARTE: MARIA ESTHER MATIAS MATIAS,----

mayor de edad, soltera, propietaria, vecina de Toa----

Baja, Puerto Rico, seguro social número .----

---El (los) compareciente (es) cuyas circunstancias personales me constan por sus dichos, me asegura(n) tener y a mi juicio tiene(n), la capacidad legal necesaria para este otorgamiento, y en tal virtud, libremente:----------

----------EXPONE(N)----------

---PRIMERO: El Deudor Hipotecario ostenta título de dominio sobre la propiedad descrita en el párrafo QUINTO de esta escritura.----------

---SEGUNDO: Manifiesta el Deudor Hipotecario que en esta misma fecha ha suscrito un Pagaré a la orden de **ASSOCIATES INTERNATIONAL HOLDINGS CORPORATION,** por la suma principal de TREINTA Y CINCO MIL TRESCIENTOS CINCUENTA Y NUEVE DOLARES CON NOVENTA Y NUEVE CENTAVOS---------- ($35,359.99), con intereses a razón del doce punto cuarenta y uno porciento (12.41%) anual. Dichos intereses se pagarán por mensualidades vencidas. Dicho pagaré vence el día veinticinco de octubre de dos mil veintinueve----------
bajo el afidávit número tres mil ochocientos diez---------- (3810)----------
ante el fedatario que suscribe, copia del cual se une y hace formar parte de esta escritura.----------

---TERCERO: Que en garantía del total y completo pago del principal del(de los) pagaré(s) hipotecario(s) de referencia, de sus intereses a razón del tipo antes indicado desde esta fecha y hasta su total pago; el cumplimiento de cada uno de los términos y cláusulas de esta hipoteca; un crédito adicional igual al veinte por ciento (20%) del principal de esta obligación que



ESTA ES UNA COPIA SIMPLE DE LA ESCRITURA QUE OBRA EN MI PROTOCOLO Y QUE FUERA PRESENTADA EN EL REGISTRO DE LA PROPIEDAD.

-1-

se señala para intereses no garantizados hipotecariamente de acuerdo con la ley en perjuicio de tercero; de un crédito adicional por la suma de veinte por ciento (20%) del principal de esta obligación para el pago de las costas, gastos, desembolsos y honorarios de abogado de que se valga el tenedor del(de los) pagaré(s) de referencia en caso de ejecución de la hipoteca que se constituye por esta escritura o en caso de cualquiera otra gestión o reclamación por la vía judicial o extrajudicial, ya sean en rebeldía o no, o en casos de quiebra bajo las disposiciones del Código de Quiebras Federal, incluyendo cualquier solicitud de autorización necesaria para efectuar el cobro de la obligación o ejecución de hipoteca o para modificar, condicionar o dejar sin efecto cualquier paralización de tales procedimientos; un crédito adicional por la suma de veinte por ciento (20%) del principal de esta obligación para asegurar cualesquiera cantidades pagadas o adelantadas al Deudor Hipotecario por el Acreedor Hipotecario o tenedor del pagaré hipotecario, más los intereses que dichas cantidades pudieren devengar, al tipo estipulado en esta escritura; el Deudor Hipotecario constituye una **SEGUNDA** hipoteca voluntaria sobre la(s) propiedad(es) descrita(s) en el párrafo QUINTO de esta escritura, haciéndose extensivo dicho gravamen hipotecario a equipos o aditamentos que por su destino se conviertan en inmuebles por su uso o designio, y cualesquiera terrenos que sean agregados, a, o con los que sea(n) agrupada(s) dicha(s) propiedad(es).————————

———CUARTO: Son condiciones esenciales de este contrato de hipoteca, las que se relacionan a continuación:————————

——a. El Deudor Hipotecario pagará puntualmente a su vencimiento, el principal e intereses de la deuda evidenciada por el Pagaré, y los cargos por pago anticipado y demora según dispuesto en el Pagaré.————————

——b. Que el Deudor Hipotecario pagará puntualmente a su vencimiento, las contribuciones impuestas o que se impusieren sobre la propiedad hipotecada, las cuales deberán ser pagadas sin necesidad de requerimiento o notificación.————————

——c. Que el crédito adicional estipulado para el pago de las costas, gastos, desembolsos y honorarios de abogado en caso de ejecución de la hipoteca que se constituye por esta escritura, o en caso de cualquiera otra reclamación para el cobro de la deuda, será exigible en su totalidad, por la sola radicación de la demanda o del escrito inicial de ejecución, aunque los procedimientos no sean llevados hasta su terminación definitiva o sean llevados en rebeldía del Deudor Hipotecario o de cualquiera de los garantizadores.————————

——d. Que el Deudor Hipotecario durante todo el tiempo que permanezca insoluta en todo o en parte la deuda mantendrá asegurada contra los riesgos de incendio, huracán y terremoto las edificaciones existentes o las que en el futuro existan o se

construyan sobre la propiedad hipotecada, por una suma no menor de TREINTA Y CINCO MIL TRESCIENTOS CINCUENTA Y NUEVE DOLARES CON NOVENTA Y NUEVE CENTAVOS------- ($35,359.99)--------------------------------------

---La póliza o pólizas de seguro cubriendo los indicados riesgos, debidamente endosadas mediante el endoso reconocido como cláusula uniforme de hipoteca ("Standard Mortgage Clause") a favor del acreedor hipotecario deberán ser entregadas por el Deudor Hipotecario a dicho acreedor, conviniéndose que en caso de siniestro, el importe total del producto por razón de dichos seguros, se aplicará a pagar en primer término el importe de los intereses devengados que estuvieren pendientes de pago, y en segundo término, a pagar la parte del importe del principal de dicho(s) pagaré(s) hipotecario(s), que entonces estuviere(n) pendiente(s) de pago.-

---En caso de siniestro, el acreedor hipotecario queda expresamente facultado para liquidar, ajustar y transigir con la compañía de seguros la pérdida sufrida con motivo del siniestro, y a otorgar a favor de ésta, en su propio nombre y/o a nombre del deudor hipotecario, cualesquiera cartas de pago, cartas de relevo, descargo o finiquito, o cualesquiera otros documentos que sean necesarios para efectuar el cobro de la referida pérdida. Se conviene además que el pago puntual de todas las primas de seguro que sean devengadas, serán por cuenta del Deudor Hipotecario, quien se obliga a entregar los recibos acreditativos de dicho pago al acreedor hipotecario.-----

---e. El dueño o tenedor del(de los) referido(s) pagaré(s) hipotecario(s) tendrá(n) el derecho de pagar, a su opción, en cualquier fecha, el importe de cualesquiera contribuciones impuestas sobre la propiedad hipotecada que estuvieren pendientes de pago, así como cualquiera otro gasto o desembolso que conforme a los términos de la presente escritura corresponda efectuar al Deudor Hipotecario. Cualquier cantidad de dinero que por todos o por cualquiera de los conceptos consignados en la presente cláusula fuere pagada por dicho dueño o tenedor, se considerará como vencido y exigible inmediatamente y devengará intereses al mismo tipo estipulado en el hecho TERCERO anterior desde la fecha en que dicho dueño o tenedor incurriera en dicho pago o efectuare el mismo, y hasta la de su total devolución por el deudor hipotecario, y estará garantizada con la misma hipoteca que se constituye por esta escritura para cuyo objeto se amplia dicha hipoteca por la suma de veinte por ciento (20%) del principal de esta obligación en garantía de todas dichas cantidades y sus intereses.------------------------------

--- El derecho que por esta cláusula tiene el dueño o tenedor del(de los) referido(s) pagaré(s) hipotecario(s) de verificar los pagos o desembolsos antes relacionados, no exonera en forma alguna al Deudor Hipotecario de efectuarlos conforme a los

términos de la presente escritura, ni afectará tampoco el derecho de dicho dueño o tenedor para ejercitar en caso de incumplimiento, los derechos o los remedios que se le conceden por la presente escritura.---------------

—f. Que la propiedad hipotecada no se halla afecta a gravamen alguno que sea preferente a la hipoteca que se constituye por virtud del presente título, excepto la(s) relacionada(s) en el párrafo SEXTO de esta escritura, conviniendo el deudor hipotecario en que será de su cuenta y cargo el pago y cancelación, dentro de los sesenta días siguientes a la fecha de esta escritura, de cualesquiera otras cargas, menciones o gravámenes preferentes inscritos, mencionados o anotados en el Registro de la Propiedad correspondiente, quedando obligado también el Deudor Hipotecario a pagar inmediatamente cualesquiera contribuciones impuestas sobre la propiedad hipotecada que estuvieren pendientes de pago.---------------

---El Deudor Hipotecario se obliga a subsanar inmediatamente cualquier defecto con que se haya verificado la inscripción a su favor de la propiedad hipotecada, así como la de cualquiera de sus antecesores en título, conviniéndose como condición esencial que la hipoteca que se constituye por la presente escritura deberá quedar inscrita en el Registro de la Propiedad correspondiente dentro del plazo de sesenta (60) días siguientes a la fecha de esta escritura.---------------

---Que si por cualquier causa la hipoteca que se constituye por este título no pudiera quedar inscrita en el Registro de la Propiedad correspondiente dentro de los sesenta (60) días siguientes a la fecha de esta escritura como gravamen sobre la propiedad hipotecada, con preferencia a cualquier otra deuda carga o gravamen, excepción hecha de la(s) carga(s) mencionada(s) en el párrafo SEXTO de esta escritura, y sin defecto de clase alguna, el dueño o tenedor del(de los) pagaré(s) hipotecario(s) en garantía del cual se constituye l hipoteca objeto de esta escritura podrá, a su opción, por es sola causa, declarar vencido(s) el(los) pagaré(s) hipotecario(s anteriormente relacionado(s) y la hipoteca constituida en s garantía, pudiendo proceder al cobro de la deuda y a l ejecución de dicha hipoteca sin necesidad de requerimiento notificación.---------------

—g. Que el dueño o tenedor del (de los) pagaré(s hipotecario(s) de referencia podrá, en cualquier moment mientras tramite acción judicial para la ejecución de la hipotec que se constituye por esta escritura o en reclamación de l deuda garantizada por la misma, solicitar del Tribunal co jurisdicción sobre la materia, el nombramiento de u Administrador Judicial ("Receiver") para que administre propiedad hipotecada, incluyendo, aunque sin limitación a ell las rentas, productos, beneficios o rendimientos de cualqui

naturaleza que de ella se deriven, todos y cada uno de los cuales se entienden expresamente hipotecados como si hubieren sido detallados o descritos específicamente en la presente escritura, y tal Administrador Judicial ("Receiver") tendrá todas las más amplias facultades y poderes que se acostumbre conceder a tal funcionario por cualquier tribunal, y su nombramiento será hecho por el Tribunal como una admisión en equidad y como una cuestión de absoluto derecho reconocido a dicho dueño o tenedor del(de los) referido(s) pagaré(s) hipotecario(s), sin tomar en consideración el valor de la propiedad hipotecada o la solvencia o insolvencia del(de los) deudor(es) o de los demandados y todos dichos beneficios, rentas, ingresos o productos serán utilizados por el Administrador Judicial para los fines estipulados en la presente escritura de acuerdo con los términos de la misma y conforme a las órdenes que sean dictadas por el Tribunal con jurisdicción.————————————————————

—h. Que los gastos de este otorgamiento, los de una copia certificada para el dueño o tenedor del(de los) referido(s) pagaré(s) hipotecario(s), los de su inscripción en el Registro de la Propiedad correspondiente y los que se originen por virtud de la cancelación en su día de la hipoteca constituida por la presente, serán de cuenta y cargo del Deudor Hipotecario.——

—I. Se estipula y conviene expresamente que la falta de pago a su vencimiento de DOS (2) plazo(s) de intereses; el incumplimiento de una o cualesquiera de las condiciones estipuladas en esta escritura y/o en el(los) pagaré(s) hipotecario(s) anteriormente relacionado(s); el apremio de la propiedad hipotecada para el cobro de contribuciones; la adjudicación en quiebra del Deudor Hipotecario o de sus sucesores en título, o de cualquiera de ellos, o la radicación por éste o por aquellos de una petición de quiebra voluntaria o de quita y espera ("arrangement proceedings") con sus acreedores o de procedimientos de reorganización ("reorganization proceedings") de acuerdo con las disposiciones de la Ley Federal de Quiebras, dará lugar al vencimiento del(de los) pagaré(s) hipotecario(s) anteriormente relacionados), quedando en libertad el dueño o tenedor de los mismos de proceder a cobro de las cantidades adeudadas, tanto por concepto de principal como por concepto de intereses, y/o a la ejecución de la hipoteca constituida por la presente escritura en garantía de dichas cantidades, ya por la vía ejecutiva sumaria o por la ordinaria según le pareciere, sin necesidad de presentación requerimiento o notificación, constituyéndose en mora desde ese momento el Deudor Hipotecario para todos los efectos.——

—j. Que el hecho de que el dueño o tenedor del(de los) referido(s) pagaré(s) hipotecario(s) no exija el fiel cumplimiento de todas o de cualesquiera de las cláusulas y condiciones estipuladas en la presente escritura, o que voluntariamente permita al Deudor Hipotecario el incumplimiento de las misma

o de cualquiera de ellas, no se entenderá como una renuncia por su parte a exigir y obtener el cumplimiento de dichas cláusulas y condiciones por el Deudor Hipotecario, quedando aún en tal caso subsiguiente su derecho de declarar vencida la deuda, así como la hipoteca constituida por este título, si no se diere cumplimiento inmediato a las cláusulas y condiciones no cumplidas pudiendo proceder dicho dueño o tenedor al cobro de la deuda o a la ejecución de la hipoteca constituida en su garantía por la vía que mejor le pareciere o estime conveniente.————————————————————————————

—k. Que para cumplir con las disposiciones de Ley, y al solo efecto de que sirva de tipo mínimo para la primera subasta que deberá celebrarse en caso de que el dueño o tenedor del (de los) referido(s) pagaré(s) hipotecario(s) proceda a ejecutar la hipoteca constituida en garantía de dicho(s) pagaré(s), el Deudor Hipotecario tasa la propiedad descrita en el párrafo QUINTO de esta escritura, en la suma de TREINTA Y——CINCO MIL TRESCIENTOS CINCUENTA Y NUEVE DOLARES CON——NOVENTA Y NUEVE CENTAVOS ($35,359.99)————————————

—l. Se estipula y conviene que en el caso de que el(los) pagaré(s) hipotecario(s) en garantía del(de los) cual(es) se constituye la hipoteca objeto de este título fuere(n) entregado(s) en prenda para garantizar cualquier deuda u obligación de su(s) otorgante(s) o de cualquiera de ellos, o el dueño o tenedor de dicho(s) pagaré(s) hipotecario(s), el acreedor prendario, como tenedor del(de los) mismo(s), conjuntamente con su acción para el cobro o para exigir el cumplimiento de la deuda o de la obligación garantizada con la referida prenda, podrá, a su opción, proceder también al cobro del(de los) mencionado(s) pagaré(s) hipotecarios) y a la ejecución de la hipoteca que lo(s) garantiza que se constituye por esta escritura, para con el producto de dicha ejecución hacer efectivo el importe de su acreencia o de la obligación objeto de su reclamación garantizada con dicho(s) pagaré(s) hipotecario(s) dado(s) en prenda.————————————————————————————

—m. Se estipula y conviene expresamente que si la propiedad hipotecada o cualquier parte de la misma fuere expropiada vendida o en cualquiera forma enajenada a o adquirida por el Gobierno de los Estados Unidos de América, el Estado Libre Asociado de Puerto Rico, el Gobierno de la Capital, o cualquier otro municipio de Puerto Rico, incluyendo, aunque sin limitación a ello, cualquiera de sus respectivas agencias, dependencias autoridades o instrumentalidades o cualquier corporación pública, o si en cualquiera otra forma o manera la propiedad hipotecada o cualquier parte de la misma fuere dedicada para uso y/o utilidad pública, vencerá por esa sola causa el plazo para el pago de la deuda u obligación hipotecaria a que se refiere esta escritura, y además, el producto total de cualquier compensación que sea pagada o corresponda al Deudor Hipotecario en virtud de dicha expropiación, o por virtud de

precio de la venta, enajenación o adquisición, corresponderá a y deberá ser pagado y entregado exclusivamente al dueño o tenedor del (de los) pagaré(s) hipotecario(s) de referencia directamente por la autoridad expropiante, por la parte adquiriente, o en su caso, por el Tribunal ante el cual haya sido radicado o esté pendiente el procedimiento de expropiación, obligándose el dueño o tenedor del (de los) referido(s) pagaré(s) hipotecario(s) a aplicar la cantidad que reciba a pagar, en primer término los intereses devengados que estuvieren pendiente de pago en la fecha del pago o entrega, y en segundo término, a pagar el principal de la deuda, hasta donde alcance, entregando en su caso al Deudor Hipotecario cualquier sobrante que pudiera resultar a su favor. El Deudor Hipotecario consiente en el pago y entrega al dueño o tenedor de dicho(s) pagaré(s) hipotecario(s) del referido producto, facultando a éste para que requiera dicho pago y entrega y para en su caso, solicitarlo del Tribunal ante el cual haya sido radicado o esté pendiente el procedimiento de expropiación, dando el nombre de dicho deudor o deudores recibo y carta de pago por las cantidades que reciba, con plena facultad para endosar, cobrar y hacer efectivos, a nombre del Deudor Hipotecario cualesquiera cheques u otras órdenes de pago que le sean entregados.—————————————————————————

—n. Se estipula y conviene expresamente que el Deudor Hipotecario podrá pagar por anticipado la totalidad o parte del balance insoluto del principal, sujeto a las siguientes penalidades, las cuales se aplicarán a opción del Acreedor Hipotecario: (i) Si el pago se efectúa dentro del primer año siguiente a la fecha de este instrumento, el Deudor Hipotecario pagará al Acreedor Hipotecario una penalidad equivalente al Tres Porciento (3%) del principal original; (ii) Si el pago se efectúa después del primer año de la fecha de este instrumento, pero antes del tercer aniversario, el Deudor Hipotecario pagará al Acreedor Hipotecario una penalidad equivalente al Dos Porciento (2%) del principal original.————

—o. Sustancias Peligrosas: El Deudor Hipotecario no causará o permitirá la presencia, uso, distribución, almacenamiento, o emisión de cualquier sustancia peligrosa en la Propiedad. El Deudor Hipotecario no hará ni permitirá que otras personas hagan nada que afecte la Propiedad en violación a cualquier Ley Ambiental federal o estatal. Lo expresado anteriormente no aplicará a la presencia, uso, o almacenamiento en la Propiedad de pequeñas cantidades de sustancias peligrosas que son generalmente reconocidas y apropiadas para usos residenciales y mantenimiento de la Propiedad.————

— El Deudor Hipotecario informará prontamente al Acreedor Hipotecario por escrito de cualquier investigación, reclamación, demanda, litigio u otra acción por cualquier agencia gubernamental, reguladora o persona particular que afecte la Propiedad y que estuviera envuelta cualquier sustancia

peligrosa o Ley Ambiental. En caso de ser necesario tomar alguna acción remediativa o remover cualquier sustancia peligrosa que afecte la Propiedad, el Deudor Hipotecario tomará prontamente todas las acciones necesarias de acuerdo a la Ley Ambiental o las Instrucciones recibidas.———————————

---"Sustancias Peligrosas" son aquellas sustancias definidas como tóxicas o sustancias peligrosas por la Ley Ambiental. Algunas de estas son: gasolina, kerosén, otras sustancias inflamables o tóxicas derivadas de petróleo, insecticidas y herbicidas, solventes volátiles, materiales que contienen asbestos y materiales radioactivos.———————————

---p. Una vez pagadas las sumas garantizadas por esta Hipoteca, el Acreedor Hipotecario podrá descargar y cancelar esta Hipoteca del Deudor Hipotecario por cuenta y cargo de este último o endosar el Pagaré "para cancelación únicamente" sin cargo al Deudor Hipotecario.———————————

---**QUINTO:** Que la propiedad hipotecada a que se refiere el párrafo PRIMERO de esta escritura es la siguiente:———————————

RUSTICA: Parcela marcada con el número cincuenta y-
cinco guión A en el plano de parcelación de la Comu-
nidad Rural Candelaria del Barrio Candelaria del --
término municipal de Toa Baja, con una cabida su--
perficial de TRESCIENTOS CINCUENTA Y UNO PUNTO ----
VEINTINUEVE METROS CUADRADOS. En lindes por el ---
Norte, con la parcela número cincuenta y cinco gui--
ón E de la comunidad; por el Sur, con la parcela nú-
mero cincuenta y cinco guión B de la comunidad; por
el Este, con área montañosa; y por el Oeste, con---
la calle número ocho de la comunidad.----------------

Inscrita al folio 105 del tomo 386 de Toa Baja,----
finca número 22,488.--------------------------------

------------------------------------------

------------------------------------------

---**SEXTO:** La propiedad antes descrita se encuentra afecta a los siguientes gravámenes:———————————

A favor de DORAL MORTGAGE CORPORATION, o a su orden,

por la suma de Cincuenta y Dos Mil Dólares, según----
consta de la escritura número ciento ochenta y siete-
otorgada en San Juan el quince de abril de mil nove--
cientos noventa y ocho, ante el Notario Sonia M. Pa--
lacios de Miranda y otra a favor de R_G PREMIER BANK-
OF PUERTO RICO, o a su orden, por la suma de DOCE----
MIL DOSCIENTOS CINCUENTA DOLARES, según consta de la-
escritura número ciento cincuenta y dos, otorgada en-
San Juan el treinta de junio de mil novecientos no---
venta y nueve, ante el Notario Nicolás A. Quiñones y-
otra a favor de ISLAND FINANCE PUERTO RICO, INC. o a-
su orden ,por la suma de VEINTIDOS MIL SETENTA Y SIE-
TE DOLARES CON NOVENTA Y CUATRO CENTAVOS, según-----
consta de la escritura número veinticuatro, otorgada
en San Juan el veinticinco de enero de dos mil, ante-
el Notario Rafael Maldonado Nicolai.------------------

---SEPTIMO: Al Deudor Hipotecario se le enviará copia fiel y exacta del Pagaré y de la Escritura de Hipoteca dentro de diez (10) días laborables a partir de la fecha del otorgamiento de la presente escritura.----------------------------------

---OCTAVO: Manifiesta el Deudor Hipotecario que en esta misma fecha ha entregado el pagaré antes relacionado en esta escritura, y cuyo pago está garantizado por la hipoteca que aquí se constituye a favor de **ASSOCIATES INTERNATIONAL HOLDINGS CORPORATION**, quien ha pasado a ser el legítimo tenedor de dicho pagaré, y solicita al Registrador de la Propiedad que haga constar en los libros a su cargo la entrega del mencionado pagaré a **ASSOCIATES INTERNATIONAL HOLDINGS CORPORATION**, a los fines de dar el correspondiente aviso a terceras personas.--

---El Deudor Hipotecario se obliga a no hacer uso y renuncia a cualquier derecho que pueda tener en virtud de leyes aplicables para solicitar la cancelación de esta hipoteca constituida por acto unilateral del titular de la propiedad hipotecada a favor de persona determinada y especialmente según lo dispuesto en el Artículo Ciento Ochenta y Seis (186) de la Ley Hipotecaria y del Registro de la Propiedad, Ley Número Ciento Noventa y Ocho (198) del diez (10) de agosto de mil novecientos setenta y

nueve (1979), según enmendada, Sección Dos Mil Seiscientos Cinco (2605) del Título Treinta (30) de las Leyes de Puerto Rico Anotadas.------

---El (los) otorgante(s) también renuncia(n) a solicitar la cancelación de la hipoteca constituida mediante esta escritura por razón del tiempo transcurrido en virtud de lo dispuesto en el Artículo Ciento Cuarenta y Cinco (145) de la Ley Hipotecaria y del Registro de la Propiedad, Ley Número Ciento Noventa y Ocho (198) del diez (10) de agosto de mil novecientos setenta y nueve (1979), según enmendada, Sección Dos Mil Cuatrocientos Sesenta y Nueve (2469) del Título Treinta (30) de las Leyes de Puerto Rico Anotadas.------

------ADVERTENCIA------

----El Notario autorizante advierte a los comparecientes, que por reglamentación federal tienen derecho a un período de rescisión de tres (3) días laborables a contarse desde la fecha del otorgamiento de esta escritura de hipoteca. Transcurridos los tres días sin que el Deudor Hipotecario haya ejercido el derecho de rescisión, el Acreedor Hipotecario expedirá el cheque oficial para el pago del préstamo hipotecario anterior que grava su propiedad.------

---El Notario les advierte además que aún cuando exista un cheque expedido por la entidad que ha otorgado el refinanciamiento de la propiedad descrita en el párrafo **QUINTO** y que el Acreedor Hipotecario, se obliga a remitir el indicado cheque al Acreedor Hipotecario original, con el propósito de que quede cancelada la hipoteca original que grava la propiedad objeto de la hipoteca otorgada en este acto, esto no constituye una garantía absoluta de que ello así se hará. El Notario advierte al Deudor Hipotecario, que tiene el derecho de exigir que la referida hipoteca original sea cancelada en el acto del refinanciamiento y que de así no hacerlo renuncia voluntariamente, consciente de los riesgos y consecuencias de que así no se cancele.------

---El Deudor Hipotecario en este acto voluntaria y categóricamente manifiesta que renuncia al derecho antes indicado del que ha sido advertido. Se advierte además al Deudor Hipotecario que si transcurre el término de tres (3) días que para rescindir esta transacción le concede la reglamentación federal sin que haya ejercido el mismo, se entenderá que ha ratificado la transacción y que renuncia al derecho de cancelación inmediata de la hipoteca original. El Acreedor Hipotecario se obliga expresamente a remitir al Deudor Hipotecario y al Notario aquí autorizante copia del correspondiente cheque remitido al acreedor original y evidencia fehaciente del acuse de recibo por parte de éste último.------

------ACEPTACIÓN Y OTORGAMIENTO------

-10-

---El(los) compareciente (s) acepta(n) la presente escritura en todas sus partes después de Yo, el Notario, haberle(s) hecho las advertencias legales pertinentes. Así lo dice(n) y otorga(n) ante mí.————————————————————————

---DOY FE de haberme asegurado de la identidad de el(los) compareciente(s) según requiere la Ley Notarial en su Artículo 17(C), mediante los siguientes documentos de identidad, los cuales tienen sus fotos y firmas, siéndome éstos exhibidos y entregados voluntariamente: Licencias de Conducir, y por sus dichos, la doy de su edad, estado civil, profesión y vecindad.———

————————————LECTURA————————————

---Leída la presente escritura por el (los) otorgante(s), está(n) conforme(s) y firma(n) y pone(n) la(s) inicial(es) de su(s) nombre(s) en cada uno de los folios de esta escritura, y de todo lo demás que aseguro o refiero en este instrumento público, Yo, el Notario, DOY FE.————————————————————

Department of Defense Manpower Data Center                 Oct-11-2010 11:50:30



Military Status Report
Pursuant to the Service Members Civil Relief Act

| Last Name | First/Middle | Begin Date | Active Duty Status | Active Duty End Date | Service Agency |
|---|---|---|---|---|---|
| MATIAS MATIAS | MARIA E. | Based on the information you have furnished, the DMDC does not possess any information indicating the individual status. | | | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard).

*Mary M. Snavely-Dixon* (signature)

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Service Members Civil Relief Act (50 USC App. §§ 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual is on active duty, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person is on active duty and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. §521(c).

If you obtain additional information about the person (e.g., an SSN, improved accuracy of DOB, a middle name), you can submit your request again at this Web site and we will provide a new certificate for that query.

This response reflects **active duty status** including date the individual was last on active duty, if it was within the preceding 367 days. For historical information, please contact the Service SCRA points-of-contact.

*More information on "Active Duty Status"*
Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d)(1) for a period of more than 30 consecutive days. In the case of a member of the National Guard, includes service under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy TARs, Marine Corps ARs and Coast Guard RPAs. Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps) for a period of more than 30 consecutive days.

*Coverage Under the SCRA is Broader in Some Cases*
Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of SCRA extend beyond the last dates of active duty.

Those who would rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected.

WARNING: This certificate was provided based on a name and SSN provided by the requester. Providing an erroneous name or SSN will cause an erroneous certificate to be provided.
Report ID:4PSNH21KVR